ACCEPTED
01-14-00844-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
9/25/2015 11:47:32 AM
CHRISTOPHER PRINE
CLERK

NO. 01-14-00844-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

9/25/2015 11:47:32 AM
CHRISTOPHER A. PRINE
Clerk

IN THE FIRST COURT OF APPEALS
HOUSTON, TEXAS

NEIGHBORHOOD CENTERS INC.

Appellant

V.

DOREATHA WALKER

Appellee

On appeal from the 80th Judicial District Court of Harris County, Texas
Cause No. 2014-37034

## APPELLANT NEIGHBORHOOD CENTERS INC.'S
## REPLY TO APPELLEE DOREATHA WALKER'S RESPONSE TO
## APPELLANT'S MOTION FOR REHEARING

Pursuant to TEX. R. APP. P. 49, Appellant Neighborhood Centers Inc. ("Neighborhood Centers") files this Reply to Appellee's Response to Neighborhood Centers' Motion for Rehearing, and respectfully shows as follows:

## SUMMARY OF ARGUMENT

Section 12.1056(a) of the Education Code was amended in the 84th Texas Legislative Session to clarify that in addition to having immunity from liability to

2106417v.1

the same extent as a school district, the open-enrollment charter school has immunity from suit to the same extent as a school district. This does not impact whether the Whistleblower Act statute applies on its face to an open-enrollment charter school. As Texas Education Code Section 12.1058(c) has specifically clarified that the Whistleblower Act does not apply to an open-enrollment charter school as it is expressly not a "local governmental entity," and there has been no waiver of immunity as to Neighborhood Centers.

Texas Education Code Section 12.1058(c) is a jurisdictional statute; therefore, a "savings clause" analysis is not applicable, and Walker's vested rights are not impermissibly impaired by the application of Texas Education Code Section 12.1058(c).

## ARGUMENT

**I.     The Amendment to Section 12.0156 of the Education Code is not Relevant to the Determination of Whether Neighborhood Centers is a Local Government Entity within the Scope of Coverage of the Whistleblower Act**

In Walker's Cross-Appeal, she argued that the trial court erred in granting Neighborhood Centers' plea to the jurisdiction on her workers' compensation anti-retaliation claim under Labor Code section 451.001 because Texas Education Code Section 12.1056 at that time only expressly provided that open-enrollment charter schools are immune from *liability* to the same extent as public school districts, and did not explicitly mention immunity from suit. In this Court's Opinion on July 30,

2

2015, this Court rejected Walker's argument and found that Neighborhood Centers, as an open-enrollment charter school, is immune from suit to the same extent as a public school district, following opinions of this Court and several other courts of appeals, who previously addressed this issue. (*See* July 30, 2015 Opinion in this case, pp. 10-17).

On June 18, 2015, House Bill 1171 became law, effective immediately, by action of the 84th Texas Legislature. This new law amended Section 12.1056(a) of the Education Code to now specifically provide that open-enrollment charter schools are immune from suit to the same extent as a school district, thus codifying this Court's ruling as to Walker's claim under the Workers' Compensation Act and its prior holding in *KIPP, Inc. v. Whitehead*, 446 S.W.3d 99, 105 (Tex. App.— Houston [1st Dist.) 2014, pet. denied). The legislative history attached by Walker as Exhibit "B" to the Response to Motion for Rehearing states that avoiding litigation on the very issue raised by Walker on her cross-appeal and rejected by this Court was the purpose of the amendment to Section 12.1056 of the Texas Education Code. [1]

The amendment to Section 12.1056 of the Texas Education Code has no effect on whether Neighborhood Centers does or does not fall within the definition

---

[1] The only relevance of the amendment to Section 12.1056 of the Texas Education Code to the issue before the Court in the Motion for Rehearing is that the fact that the two statutes were considered in close proximity to one another emphasizes the fact that Texas Education Code Section 12.1058 is jurisdictional.

3

of "local governmental entity" to which the Whistleblower Act applies. Instead, as set forth in Neighborhood Centers' Motion for Rehearing, HB 1170 adding Section 12.1058 to the Texas Education Code, specifically provides that Neighborhood Centers as an open-enrollment charter school cannot be considered a local governmental entity under the Whistleblower Act because the statute does not state that it applies to an open-enrollment charter school. As an open-enrollment charter school is not within the definition of a local governmental entity under the Whistleblower Act, the Whistleblower Act does not apply to it, and there is no waiver of immunity for claims against Neighborhood Centers. TEX. GOV'T CODE §554.001(2); TEX. EDUC. CODE §12.1058(c).

II.  **Savings Clause Does Not Apply to this Jurisdictional Statute.**

Walker further suggests that a saving clause analysis demonstrates that a general saving clause applies to Section 12.1058 of the Texas Education Code, and that this Court must conclude that Section 12.1058(c) does not affect any accrued right or remedy under the prior operation of the Whistleblower Act, a completely different statute. However, in this case, a savings clause analysis is not appropriate because the savings clause does not apply to this jurisdictional statute.

The general savings clause, which can be found in Section 311.031(a) of the Texas Government Code states:

(a)  Except as provided by Subsection (b), the reenactment, revision, amendment, or repeal of a statute does not affect:

4

(1) the prior operation of the statute or any prior action taken *under it*;

(2) any validation, cure, right, privilege, obligation, or liability previously acquired, accrued, accorded, or incurred *under it*;

(3) any violation of the statute or any penalty, forfeiture, or punishment incurred *under the statute* before its amendment or repeal; or

(4) any investigation, proceeding, or remedy concerning any privilege, obligation, liability, penalty, forfeiture, or punishment; and the investigation, proceeding, or remedy may be instituted, continued, or enforced, and the penalty, forfeiture, or punishment imposed, as if *the statute* had not been repealed or amended.

*See* TEX. GOV'T CODE § 311.031(a)(1)-(4) (emphasis added). The clear distinction here is that Walker's action is under the Whistleblower Act statute, while the legislature has amended Chapter 12 of the Texas Education Code. Therefore, Section 311.031(a) and the savings clause analysis are not necessary and do not apply.

A savings clause is only necessary to avoid a retroactive application of a statute if the newly enacted statute repeals a cause of action or revokes a special remedy. *Houston Indep. Sch. Dist. v. Houston Chronicle Pub. Co.,* 798 S.W.2d 580, 586-87 (Tex. App.—Houston [1st Dist.] 1990), *writ denied* (Feb. 6, 1991). In this case, the savings clause analysis is not applicable because Section 12.1058 of the Texas Education Code is a new statute and neither repeals a cause of action nor revokes a special remedy.

Indeed, Section 12.1058 of the Texas Education Code does not amend the

5

Texas Whistleblower Act or revoke a special remedy that was once available under the Whistleblower Act. Instead, Section 12.1058 of the Texas Education Code is a separate, jurisdictional statute. It clarifies that open-enrollment charter schools are not implied to be local government entities, unless the statute specifically states that they are a local government entity. Here, the Whistleblower Act only applies to a local governmental entity, defined as a political subdivision of this state, and does not expressly include an open-enrollment charter school. Therefore, Section 12.1058 strips the court of jurisdiction in this case, where suit is brought under the Whistleblower Act, which is not applicable to open-enrollment charter schools.

Because Section 12.1058 is a jurisdictional statute that neither repeals a cause of action nor revokes a special remedy, a savings clause analysis is not applicable. No savings clause prohibits Section 12.1058 of the Texas Education Code from applying to this case. Section 12.1058 of the Texas Education Code should be applied as it exists at the time judgment is rendered, even if Section 12.1058 did not exist when the original order was issued. *See Texas Mun. Power Agency v. Pub. Util. Com'n of Texas*, 253 S.W.3d 184, 198 (Tex. 2007). The legislative action in passing Texas Education Code Section 12.1058 simply clarifies that the Whistleblower Act does not and has never been intended to apply to an open-enrollment charter school, and the Whistleblower Act's limited waiver of immunity does not apply to an open-enrollment charter school. As such, the

6

trial court lacks subject matter jurisdiction to hear a Whistleblower Act claim against an open-enrollment charter school, such as Neighborhood Centers.

### III. Walker's Filing of this Lawsuit did not Create a Vested Right

As set forth in Neighborhood Centers' Motion for Rehearing, application of Texas Education Code Section 12.1058 does not impermissible impair Walker's vested rights. Further, filing a lawsuit does not create a vested right. A vested right is not an expectation or a contingency, but is the resolution of the controversy and a final determination. *Houston Indep. Sch. Dist. v. Houston Chronicle Pub. Co.,* 798 S.W.2d 580, 589 (Tex. App.—Houston [1st Dist.] 1990), *writ denied* (Feb. 6, 1991). The law has been unclear as to whether an open-enrollment charter school is included in the scope of the Whistleblower Act, and the legislature clarified by passing Texas Education Code Section 12.1058 that it is not. Consequently, Walker's Whistleblower Act claim should be dismissed for want of subject matter jurisdiction.

### IV. REQUEST FOR RELIEF.

For the foregoing reasons, Appellant Neighborhood Centers requests that this Court grant its motion for rehearing, withdraw the portion of its previous opinion of July 30, 2015 denying Neighborhood Centers' appeal on the Whistleblower Act claim, and reverse the judgment of the trial court and dismiss

7

Walker's Whistleblower Act claim for lack of subject matter jurisdiction and to award it all other relief to which it may be entitled.

Respectfully submitted,

/s/ Linda P. Wills
Linda P. Wills
Texas Bar No. 21661400
Wilson, Elser, Moskowitz, Edelman
& Dicker, LLP
909 Fannin Street, Ste. 3300
Houston, Texas 77010
(713) 353-2000
(713) 785-7780 (Fax)
linda.wills@wilsonelser.com

**ATTORNEYS FOR APPELLANT:**
**NEIGHBORHOOD CENTERS INC.**

**CERTIFICATE OF COMPLIANCE**

Based on the word count function in the word processor used to produce this document, I certify that the number of words in this Reply to Appellee's Response to Its Motion for Rehearing is 1,470, excluding the style, signature, certificate of service and certificate of compliance. The document was prepared using Microsoft Word 2007 in Times New Roman 14 Point Font.

/s/ Linda P. Wills
Linda P. Wills

8

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Appellant Neighborhood Centers, Inc.'s Reply to Appellee's Response to Its Motion for Rehearing was served upon all counsel of record, by fax or electronic mail in accordance with Texas Rule of Appellate Procedure 9.5 and this Court's Local Rules on September 25, 2015.

Lorna L. McMillion            *Via CMRRR 9414 7266 9904 2021 9317 88*
State Bar No. 24086726
Lawrence M. Doss
State Bar No. 24012544
**MULLIN HOARD & BROWN L.L.P.**
1500 Broadway, Suite 700
Wells Fargo Center
Lubbock, TX 79401
806/765-7491
806/765-0553 **Fax**
**E-mail:** lmcmillion@mhba.com
**E-mail:** ldoss@mhba.com

                          /s/Linda P. Wills
                          Linda P. Wills

2106417v.1